

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Nan R. Nolan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5757 | **DATE** | 5/1/2003 |
| **CASE TITLE** | Hawthorne vs. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion for remand is granted, and plaintiff's and defendant's motions for summary judgment are denied. This case is remanded to the ALJ pursuant to sentence six of section 405(g) for further proceedings consistent with this opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 0 5 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| mm | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



MAY 0 5 2003

| | |
|---|---|
| GEORGE HAWTHORNE, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> JO ANNE B. BARNHART, ) <br> COMMISSIONER OF ) <br> SOCIAL SECURITY, ) <br> ) <br> Defendant. ) | Case No. 01 C 5757 <br><br> Magistrate Judge Nan R. Nolan |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff George Hawthorne ("Hawthorne") appeals the final decision of the Commissioner of Social Security ("Commissioner") that he was not entitled to Disability Insurance Benefits under the Social Security Act. Hawthorne alleges that he has been unable to work since September 1996 due to a heart attack and arthritis. Hawthorne filed a motion for summary judgment and a motion for remand. The Commissioner filed a motion for summary judgment seeking an order affirming the ALJ's decision. For the reasons explained below, the Court finds that a remand for the receipt of new evidence is warranted in this case. Thus, the Court does not reach the merits of the cross-motions for summary judgment. Those motions are denied.

In his motion for remand, Hawthorne contends, pursuant to sentence six of 42 U.S.C. § 405(g), that additional treatment records from August 13, 1999 are new and material and justify a remand.[1] Sentence six of 42 U.S.C. § 405(g) provides that remands to the Commissioner are appropriate "upon a showing that there is new evidence which is material and that there is good

---

[1] Hawthorne also contends that the Appeals Council made an error of law in not remanding his case based on additional evidence submitted to it. See 20 C.F.R. § 404.970(b). Because Hawthorne meets the requirements of sentence six of § 405(g), the Court declines to consider his alternate basis for remand under 20 C.F.R. § 404.970(b).



cause for the failure to incorporate such evidence into a prior proceeding." The Commissioner does not contend that Hawthorne's submitted evidence is not new or that Hawthorne lacks good cause for the failure to submit it earlier. Therefore, whether the evidence supports a remand in this case depends solely on whether it is material.

"For sentence six purposes . . . 'materiality' means that there is a 'reasonable probability' that the Commissioner would have reached a difference conclusion had the evidence been considered." Perkins v. Chater, 107 F.3d 1290, 1296 (7th Cir. 1997). Hawthorne's new evidence consists of hospital treatment records in August 1999 for unstable angina. R. 417-22. At that time, Hawthorne reported symptoms of chest pain, palpitations, and shortness of breath. R. 417, 420. An EKG was performed. The EKG was abnormal, and the data indicated ischemia.[2] The hospital records also state that a "repeat EKG in the Chest Pain Center [was] suggestive of anterolateral ischemia." R. 418.

The Commissioner argues that the August 1999 hospital treatment records are not material because the abnormal EKG is generally consistent with other evidence already before the ALJ. The Commissioner states that the abnormal EKG is similar to two previous stress tests which were deemed not indicative of a debilitating heart condition.[3]

The August 1999 EKG result is material because of the ischemia documented by the EKG result. This information differs from evidence relied upon by the ALJ in denying Hawthorne's

---

[2] Ischemia is a deficiency of blood supply to a given part of the body. Dorland's Illustrated Medical Dictionary at 920 (29th ed. 2000).

[3] In June 1997, Dr. S. Martini administered an exercise stress test to Hawthorne and reported an "[a]bnormal exercise EKG stress test for ischemia . . . ." R. 284. On July 13, 1998, Hawthorne underwent another treadmill exercise test, and Dr. Martini again concluded: "[a]bnormal exercise EKG stress test for ischemia . . . ." R. 352.

claim, which did not demonstrate ischemia. The ALJ's decision does not mention Dr. Martini's reports of abnormal EKG stress tests for ischemia. In fact, the record reveals that the ALJ afforded considerable weight to the absence of any objective evidence of ischemia in denying Hawthorne's claim. R. 17-18. The ALJ relied on a report by Dr. Ari de la Hera, a cardiologist, dated February 16, 1998. R. 17-18; 347-348. The ALJ noted that according to Dr. Hera, Hawthorne had repeated exercise stress tests with Cardiolyte, with nuclear imaging, which did not show any reversible ischemia. R. 17, 347. The ALJ further stated that Dr. Hera concluded that Hawthorne had no cardiac disability based in part on the fact that "he has no objective evidence of ischemia by stress tests with nuclear imaging." R. 18, 348. The ALJ also based his denial of benefits on Dr. Martini's finding that Hawthorne's July 3, 1998 stress Echo was negative for ischemia. R. 18, 352. Additional evidence in the record before the ALJ also reported no evidence of ischemia. R. 170, 190, 191. Moreover, the ALJ discredited Hawthorne's subjective complaints, in part, because "the objective medical evidence reveals that there is no objective evidence of ischemia by stress test." R. 19.

The additional treatment records provide objective evidence of ischemia. This evidence is material because it may provide objective support for Hawthorne's subjective complaints. The additional treatment records also tend to corroborate Hawthorne's testimony at the hearing concerning his symptoms of dizziness, shortness of breath, and chest pains. R. 46-48. Similar symptoms of chest pain, palpitations, and shortness of breath caused Hawthorne to seek hospital treatment in August 1999. R. 417, 420. Because the ALJ rejected Hawthorne's credibility, evidence supporting his credibility is material. Further, Hawthorne's doctors were concerned with the presence or absence of ischemia and may have considered his condition differently if presented with

objective evidence showing ischemia. For example, a September 5, 1996 EKG reported abnormal T waves and indicated that inferior ischemia and anterolateral ischemia should be considered. R. 181. On November 25, 1996, Dr. Hera recommended an exercise test with echo to "see if by echo we can delineate any ischemia." R. 216. Similarly, on March 6, 1997, Dr. Martini recommended a Thallium stress test off beta blocker if Hawthorne's symptoms did not improve to "see if there is definite evidence of reversible ischemia in the lateral wall." R. 224. Objective evidence of ischemia might have caused the ALJ to reach a different result, and this reasonable probability is sufficient for remand.

## CONCLUSION

For the reasons stated above, plaintiff's motion for remand is granted, and plaintiff's and defendant's motions for summary judgment are denied. This case is remanded to the ALJ pursuant to sentence six of § 405(g) for further proceedings consistent with this opinion.

**ENTER:**

**Nan R. Nolan**
**United States Magistrate Judge**

Dated: 5/1/03